UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TAYLOR L. DOWNEY, | |
| Petitioner, | |
| v. | CAUSE NO. 1:25-CV-426-GSL-AZ |
| SHERIFF, | |
| Respondent. | |

OPINION AND ORDER

Taylor L. Downey, a prisoner without a lawyer, filed a habeas petition challenging the revocation of his work release privileges. He asserts that he is entitled to habeas relief because Huntington County staff removed him from work release without affording him a court hearing. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Generally, prisoners challenging their State custody in federal court must do so in habeas proceedings, but prisoners challenging the conditions of their confinement in federal court must do so in Section 1983 cases. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Under some circumstances, that distinction may be difficult to draw, but the Seventh Circuit has held that a prisoner's challenge to removal from a work release program is not a challenge to custody and cannot be raised in a habeas proceeding. *Id.* ("But lines are lines, and we place work release on the civil rights side."). Consequently,

the court will dismiss this case without prejudice to refiling the claims in a non-habeas civil case.[1]

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Downey to proceed further.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims do not challenge State custody;

(2) DENIES Taylor L. Downey a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

---

[1] To clarify, it seems likely that some prisoners could assert valid claims relating to removal from work release programs that do not rely on Section 1983; for example, a State law tort claim or a claim that relies on another federal statute. However, *Graham* squarely forecloses a challenge to removal from a work release program in a habeas proceeding as Downey has asserted here.

SO ORDERED on September 8, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT

3